IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EGAN JONES RATINGS COMPANY,
                             Petitioner,

        v.

STEVEN PRUETTE and CHRISTOPHER
PRUETTE on behalf of INSEARCH PARTNERS,

                Respondents.

CIVIL ACTION
NO. 16-mc-105

**MEMORANDUM OPINION**

**Schmehl, J.**   **/s/ JLS**                                 **January  24, 2017**

Before the Court is the Motion to Dismiss the Petition to Vacate Partial Final

Arbitration Award of Respondents, Steven Pruette and Christopher Pruette, on behalf of

InSearch Partners ("Pruette"). Petitioner, Egan Jones Ratings Company ("Egan") has

opposed the motion, and Egan has filed a reply. Having read the parties' briefing and

having held oral argument on the motion, I will deny Pruette's motion to dismiss.

## I.     BACKGROUND

Egan filed this proceeding under the Federal Arbitration Act , 9 U.S.C. § 1 *et. seq.*

("FAA") to vacate an arbitration award made in a proceeding held by the American

Arbitration Association. The award in question is titled a "Partial Final Award of

Arbitrator." (*See* ECF No. 1, Ex. H.) The Award addresses a contractual dispute between

Egan, a Nationally Recognized Securities Rating Organization ("NRSRO") certified by

the Securities and Exchange Commission, and Pruette, its exclusive distributor of ratings

services. Pursuant to a stipulation of the parties, the arbitration was bifurcated into

liability and damages phases. Accordingly, the arbitrator's decision in this matter was as

to liability only and did not address damages. A separate arbitration hearing is to be held

on damages.

       After the entry of the Partial Final Award, Egan petitioned this Court to vacate the

arbitrator's award. (*See* ECF No. 1.) In response, Pruette filed the instant motion to

dismiss, alleging that the arbitration award in question is non-final and therefore, this

Court lacks jurisdiction to review it. For the reasons that follow, I will deny Pruette's

Motion to Dismiss, as I find that the award in question was a final award and this Court

therefore has jurisdiction to review it.

## II.     STANDARD OF REVIEW

       The party moving to dismiss an arbitration award bears the burden of proof.

Grosso v. Salomon Smith Barney, 2003 WL 22657305, *1 (E.D. Pa Oct. 24, 2003).

Under the FAA, a district court may only vacate an arbitration award 1) where the award

was procured by corruption, fraud, or undue means; 2) where there was evident partiality

or corruption in the arbitrators, or either of them; 3) where the arbitrators were guilty of

misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence

pertinent and material to the controversy; or of any other misbehavior by which the rights

of any party have been prejudiced; or 4) where the arbitrators exceeded their powers, or

so imperfectly executed them that a mutual, final, and definite award upon the subject

matter submitted was not made. 9 U.S.C. § 10(a).

## III.    DISCUSSION

District courts may only vacate or confirm arbitration decisions that involve a final

award. *See* Travelers Ins. Co. v. Davis, 490 F.2d 536, 541-42 n. 12 (3d Cir. 1974);

Michaels v. Mariform Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980) ("Under the

Federal Arbitration Act, 9 U.S.C. § 1 et seq., a district court does not have the power to review an interlocutory ruling by an arbitration panel. . . it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court. . ."). Therefore, the issue presently before the Court is whether the Partial Final Award of the arbitrator is a final award as contemplated by the FAA. Egan argues that the arbitration award is a final award because it completely resolved the issue of liability, as agreed to by the parties, and therefore, this court has jurisdiction over it. Pruette argues that the Partial Final Award is not a final award under the FAA as the arbitrator decided only liability and did not address damages; therefore, this court has no jurisdiction in this matter. Based on the parties' arguments, I must analyze what is required for an arbitration award to be considered "final" under the FAA.

Generally, courts cannot confirm or vacate arbitration awards that are interim, or not yet final. This rule, referred to as the "complete arbitration rule," provides that "judicial review of incomplete arbitration awards is inappropriate in all but the 'most extreme' situations." Union Switch & Signal Div. Am.Std. Inc . v. United Elec., Radio & Mach. Workers of Am., 900 F.2d 608, 612 (3d Cir. 1990) (*quoting* Millmen Local 550 v. Wells Exterior Trim, 828 F.2d 1373, 1374 (9th Cir. 1987)). "Some circuits have recognized exceptions to this finality rule . . . when an arbitral award 'finally and definitely disposes of a separate independent claim,' or where the parties agree to bifurcate the issues submitted to arbitration, so that an award of liability is considered 'final' even though damages have not been determined." Marron v. Snap-On Tools, Co., LLC, 2006 WL 51193, *2 (D.N.J. Jan. 9, 2006) (*quoting* Metallgesellschaff A.G. v. M/V Capitan Constante, 790 F.2d 280, 283 (2d Cir. 1986) and Hart Surgical, Inc., v.

Ultracision, Inc., 244 F.3d 231, 233 (1ˢᵗ Cir. 2001)). Specifically, in Hart Surgical, the First Circuit held that the district court could review a partial award of liability in cases where there is a "formal, agreed-to bifurcation at the arbitration stage." 244 F.3d at 236.

It is undisputed that the Third Circuit has never addressed the specific issue of whether an arbitration award as to liability only is final when the parties formally agreed to bifurcate the matter into liability and damages phases at the arbitration. In support of its argument that the arbitration award in question is non-final and therefore non-reviewable, Pruette relies on Travelers Ins. Co. v. Davis, 490 F.2d 536, 541-42 & n. 12 (3d Cir. 1974). This case held that the preliminary ruling of a panel of arbitrators' that uninsured motorists' coverage could be stacked under an auto insurance policy did not determine both liability and damages and was therefore, not reviewable by the District Court. Id. The Court went on to state that in United States Arbitration Act cases (a precursor to the FAA), a preliminary ruling of an arbitration panel prior to making its award is not justiciable. Id. at 541 n. 12.

Pruette also relies upon an unreported decision of this district, HET-JV et al, v. Weston Solutions, Inc., No. 13-mc-100, 2013 WL 2411698 (E.D. Pa. June 4, 2013). In that case, the Court declined to review an "Interim Decision" of an arbitration panel in which the proceedings were bifurcated into liability and damages phases, stating that it wanted to "avoid the pitfalls of fragmented litigation that may result from review of an incomplete arbitration decision." Id. at *4.[1]

_____

[1] I note that the Court in HET-JV failed to discuss the application of the United States Supreme Court decision in Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp, 559 U.S. 662 (2010), which will be thoroughly discussed below. In short, Stolt-Nielsen allowed immediate judicial review of an arbitrator's preliminary decision.

In arguing that Pruette's motion should be denied, Egan first points to the decision of the United States Supreme Court in <u>Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.</u>, 559 U.S. 662 (2010) in support of their position. In <u>Stolt-Nielsen</u>, the court was asked to review a preliminary finding of an arbitration panel that an agreement entered into between the parties permitted class action arbitration. <u>Id.</u> The Court found that the arbitrators' decision, in which they found that class action arbitration was permissible, was ripe for judicial review, despite the fact that it was a preliminary decision and did not reach the issues of liability or damages. <u>Id.</u> In a dissent written by Justice Ginsburg and joined in by Justices Stevens and Breyer, Justice Ginsburg stated, after citing two lower court decisions that allowed review of partial awards:

> While lower court opinions are thus divided, this much is plain: No decision of this Court, until today, has ever approved immediate judicial review of an arbitrator's decision as preliminary as the "partial award" made in this case.

559 U.S. at 692. Egan argues that this Supreme Court decision (which was not discussed in the 2013 <u>HET-JV</u> decision where the court found this type of arbitration decision to be non-final) permits this court to review the Partial Final Award of the arbitrator in this matter, as <u>Stolt-Nielsen</u> permitted judicial review of an arbitrator's preliminary ruling.

Egan also relies on <u>Hart Surgical v. Ultracision, Inc.</u>, 244 F.3d 231, 234 (1st Cir. 2001), a case that is nearly factually identical to the instant matter, in which an arbitration under the FAA was bifurcated into damages and liability phases by the parties. 244 F.3d at 231. In that matter, the First Circuit held that an arbitration award on the issue of liability only in a bifurcated proceeding is a final partial award reviewable by the district court. <u>Id.</u> at 235.

After a review of all briefs and case law cited by both parties, I determine that, because the parties specifically stipulated that the proceedings should be split into separate arbitrations on liability and damages, the Partial Final Award as to liability only in this matter is a final, reviewable order. Therefore, Pruette's Motion to Dismiss is denied.

The parties in the instant matter specifically agreed to bifurcation and wanted the arbitrator to first decide liability only. Accordingly, the arbitrator made a full and complete finding on the liability issues without reaching damages. The Partial Final Award evidences the arbitrator's intent to resolve all liability issues. If this Court were to find that this award was non-final, it would be going against the parties chosen method of resolving their dispute. As stated by the Supreme Court, "the preeminent concern of Congress in passing the Act was to enforce private agreements into which the parties had entered, and the concern requires that we rigorously enforce agreements to arbitrate, even if the result is 'piecemeal' litigation. . ." Dean Witter Reynolds, Inc., v. Byrd, 470 U.S.213, 221 (1985). This Court will "rigorously enforce" the parties agreement as to the structure of the arbitration, and find the award in question to be final and therefore, reviewable.

I note for the record that several courts in this district have recognized that an exception to the finality rule in arbitrations may exist when the parties had agreed to bifurcate the issues submitted to arbitration into liability and damages phases. See e.g., Phillips 66 v. International Brotherhood of Teamsters, Local 877, 2014 WL 320385, at * 3 (D.N.J., Jan. 29, 2014) ("[T]he First Circuit Court of Appeals' holding in . . . Hart Surgical, Inc. . . . is clearly limited to cases in which the parties formally agree to

6

bifurcate arbitration into liability and damages phases."); Marron v. Snap-On Tools Co.,

2006 WL 51193, at *2 (D.N.J. Jan. 9, 2006) (Although some circuits have recognized

exceptions to this finality rule, those exceptions only apply when an arbitral award

"finally and definitely disposes of a separate independent claim," Metallgesellschaff A.G.

v. M/V Capitan Constante, 790 F.2d 280, 283 (2d Cir.1986), or where the parties agree to

bifurcate the issues submitted to arbitration, so that an award of liability is considered

"final" even though damages have not been determined, Hart Surgical, 244 F.3d at 236

(holding that district court could review partial award of liability but limiting holding to

cases where there is a "formal, agreed-to bifurcation at the arbitration stage")). This

seems to make perfect sense, as the parties themselves have recognized the need for two

separate and distinct decisions.

Further, the Travelers Ins. case relied upon by Pruette was decided well before

any decisions interpreting the Federal Arbitration Act such as Stolt-Nielsen and Hart

Surgical. I find that the principle contained in Stolt-Nielsen that a partial arbitration

award can be reviewed under the proper circumstances should definitely be applied here.

This court will not follow the HET-JV decision, as it clearly failed to address the impact

of Stolt-Nielsen on its holding or distinguish it in any way.  Therefore, I find that the

Partial Final Award as to liability only is a final, reviewable award over which this Court

has jurisdiction and deny Pruette's Motion to Dismiss.[2]

---

[2] I note that Respondents' reply brief requested that if this Court found it had jurisdiction over the Partial Final Award, the Petition to Vacate should be dismissed due to lack of merit. However, I find it would be premature to dismiss the Petition to Vacate at this stage of proceedings, because Respondents have yet to file a reply to the petition and the Court has yet to hear oral argument. Accordingly, Respondents' motion to dismiss due to lack of merit is denied at this time.

## IV.    CONCLUSION

Therefore, for the reasons set forth more fully above, I find that this Court has jurisdiction over the Partial Final Award of the arbitrators in this matter. Accordingly, Respondents' Motion to Dismiss is denied.